## ISAACS v. STOCK.
### No. 5132.

Circuit Court of Appeals, Third Circuit.
Aug. 30, 1933.

August Ziegener, of Jersey City, N. J. (Robert H. Brenner, of Jersey City, N. J., of counsel), for appellant.

James D. Carpenter and McDermott, Enright & Carpenter, all of Jersey City, N. J., for appellee.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In this case it appears that several directors of the National Bank of North Hudson signed a paper dated August 6, 1931, reciting such bank was insolvent and requesting that it be placed in the hands of a receiver by the Comptroller of the Treasury. In pursuance thereof such step was taken. The paper, which was later signed by Lionel Isaacs, also recited that "an examination of this Bank made as of July 22, 1931, disclosed losses exceeding the combined capital, surplus and undivided profits of this Bank rendering it insolvent." Lionel Isaacs was counsel for the bank, a director thereof, and, in addition to his personal deposits, he had one of some $6,-500 held as a receiver appointed by the Court of Chancery of New Jersey. He had knowledge of the perilous condition of the bank.

About fifteen minutes before it closed for business on August 5th, and while a run on it was in progress, Mr. Isaacs, with the consent of an officer of the bank, undertook to have the above deposit of $6,500 paid in bills which were placed in a safe deposit box of his in the bank. He held one key of the box and the bank officer the other key. Such was the situation when the bank passed into the hands of the receiver. Thereafter the latter filed this bill in equity against Isaacs to order him to join in opening the deposit box and giving the receiver the bills in question on the ground that he was seeking to gain an unlawful preference. Section 5242, Rev. St. (12 USCA § 91). On final hearing it was so ordered, and thereupon this appeal was taken.

We absolve Mr. Isaacs of any sinister purpose. He had on deposit personal funds of his own which he made no effort to withdraw. What he did was on the mistaken theory that because the funds in question were trust funds and were held by him as receiver under the Court of Chancery, the national bank was also a trustee and the national bank holds them not as a deposit but as a trust fund entitled to preference. We find no warrant for such contention. While as between Isaacs and the creditors of the company in the chancery receivership this was a fund in the bank, and the latter was a trustee. But when Mr. Isaacs deposited such trust fund, it by no means follows that by the deposit of the fund in the bank, the latter received it as a trustee. In point of fact it received it as it did all other deposits, mingled it with all other moneys deposited, and lawfully used it in its banking business. To hold otherwise would be to give a preference to funds deposited by guardians, executors, administrators, and other trust custodians. Moreover, the possession and control of the $6,500 had not passed from the insolvent bank. When the receiver was appointed, the money, in the identical bills, was in the bank building, and in a box of which the master key was, and is, retained by the bank and its receiver. The burden was on Isaacs to show his right to take the money from the bank's possession. This he has failed to do. The decree below will therefore be affirmed. This view renders it unnecessary to discuss the other questions raised, all of which have been duly considered.

As the trial judge did not file an opinion and, in consequence, has not shown the grounds for his decision, we affirm the decree on the reasoning of this opinion.